IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TOWER GROUP COMPANIES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 1:12-cv-0493-MEF |
| ) | (WO – Publish) |
| OZARK HOUSING DEVELOPMENT ) | |
| INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

Plaintiff Tower Group Companies ("Tower Group") brings this declaratory judgment action against Defendants Ozark Housing Development ("OHD") and Clarissa Smith, Individually and as mother and next friend of T.S.S., the Estate of J.K.S. and J.S., and Mary Parker, Administrator of the Estate of J.K.S. and J.S. (collectively, the "Tort Plaintiffs"), seeking a declaration as to whether Tower Group is obligated to defend and to indemnify OHD with regard to an underlying state lawsuit brought by the Tort Plaintiffs against OHD. Tower Group also seeks a declaration as to whether the commercial general liability policy issued to OHD covers any claims filed in the underlying suit and, consequently, whether the Tort Plaintiffs are entitled to any benefits or proceeds under that policy. This cause is now before the Court on Tower Group's Motion for Summary Judgment. (Doc. #21.) The Court

1

has reviewed the submissions of the parties and finds that, for the reasons set forth below, the above-styled action is due to be DISMISSED with leave to re-file.

## II. JURISDICTION AND VENUE

The Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332, based upon the parties' diversity of citizenship[1] and an amount of controversy exceeding $75,000, exclusive of interest and costs. The parties contest neither personal jurisdiction nor venue, and the Court finds adequate grounds to support both.

## III. FACTS

This case involves a dispute over whether an endorsement in the insurance policy issued by Tower Group to OHD precludes coverage for claims currently pending in state court. On November 8, 2011, three minor children died in a fire that spread quickly through the Peachburg Apartment complex in Union Springs, Alabama. The Tort Plaintiffs attributed the children's deaths to the failure of several smoke detectors in the building. On February 15, 2012, the Tort Plaintiffs brought suit in the Circuit Court of Bullock County, Alabama against, among others[2], OHD, a non-profit entity they allege was responsible for inspecting and maintaining the smoke detectors. The Tort Plaintiffs alleged that OHD had a duty to

---

[1] Tower Group is a Delaware corporation with its principal place of business in New York. OHD is an Alabama corporation with its principal place of business in Alabama. Clarissa Smith, Mary Parker, and the estates of J.K.S. and J.S. are all residents of Alabama. (Doc. #1.)

[2] The Tort Plaintiffs also brought suit against South Central Alabama Regional Housing Authority and The Housing Authority of the City of Union Springs, the complex's operator and managers, and UTC Fire & Safety Americans Corporation, Inc. d/b/a/ Kidde and United Technology Corporation, the smoke alarms' designer and manufacturers. Because these entities are not involved in the insurance coverage dispute pending before this Court, claims against them will not be addressed herein.

2

provide the children with a safe living environment and that they (1) negligently and/or wantonly failed to provide adequate safety devices in the apartment to detect and/or extinguish the fire, (2) negligently and/or wantonly failed to ensure the detectors were installed in a manner that would allow early detection of a fire, and (3) negligently and/or wantonly failed to properly install, test, inspect, repair, and/or maintain the smoke detectors. The Tort Plaintiffs further allege that those failures by OHD proximately caused the deaths of the children. The Tort Plaintiffs seek both compensatory and punitive damages. According to the parties, the underlying state suit remains pending in Bullock County, Alabama as Civil Action No. CV-2011-000045, the discovery process is underway, and the suit has not yet been resolved.

On June 11, 2013, more than 16 months after the underlying state tort action was filed, Tower Group filed its Complaint for Declaratory Judgment (Doc. #1) naming OHD and the Tort Plaintiffs as defendants. In the suit before this Court, Tower Group seeks a judicial declaration of its rights and obligations with respect to an insurance policy it issued previously to OHD. Specifically, Tower Group seeks a declaration that it has no duty to defend or to indemnify OHD with respect to the underlying state lawsuit and that the Tort Plaintiffs are not entitled to any benefits under the policy. As a basis for this declaration, Tower Group argues that, although the policy covered losses incurred on the date of the fire, there was an endorsement that precludes coverage for any claims arising out of inspection services provided by OHD. Because the facts in the underlying state suit unequivocally show that OHD did nothing more than inspect the smoke detectors, Tower Group contends

that the endorsement was triggered and that the policy affords no coverage to OHD. At the time the complaint in this lawsuit was filed, Tower Group was furnishing OHD a defense in the underlying state tort action under a reservation of rights. Tower Group has not been joined as a defendant in the underlying state tort action. As a result, the insurance coverage issues are not pending before the Bullock County Circuit Court.

OHD filed its answer in this lawsuit on July 23, 2012, and the Tort Plaintiffs filed their answers on August 30, 2012. Almost a year later, on August 1, 2013, Tower Group and OHD filed a Joint Stipulation of Consent Judgment (Doc. #20) in which Tower Group and OHD agreed that the Tower Group policy excludes coverage for any and all claims arising out of the underlying state suit and that OHD is not entitled to a defense or indemnification under the policy. The next day, Tower Group filed its motion for summary judgment (Doc. #21) on its declaratory judgment action as to both OHD and the Tort Plaintiffs. The Tort Plaintiffs filed no response to Tower Group's motion for summary judgment. On October 7, 2013, the Court entered a Consent Judgment according to the terms of Tower Group and OHD's Joint Stipulation. (Doc. #27.) The Consent Judgment resolved all claims for a declaratory judgment between Tower Group and OHD. The only remaining claims currently pending before the Court involve Tower Group's request for a declaration that the Tort Plaintiffs are not entitled to benefits or proceeds under the policy Tower Group issued to OHD should the Tort Plaintiffs prevail against OHD in the underlying state court action.

On October 11, 2013, a status conference was held with Tower Group and the Tort Plaintiffs. The purpose of this status conference was to address the pending motion for

4

summary judgment filed by Tower Group to which the Tort Plaintiffs did not respond. At this conference, counsel for the Tort Plaintiffs argued that the declaratory judgment action pending against them would not be ripe until the state court issued a judgment against OHD and, therefore, the Court should dismiss or stay the action. Tower Group countered that because the Tort Plaintiffs had failed to respond to its motion for summary judgment, and because the facts alleged therein must be considered undisputed for purposes of its motion, the action was ripe and summary judgment was due in its favor. Alternatively, Tower Group argued that summary judgment should be granted in its favor because there was no chance circumstances in the underlying state court action could change such that the Tower Group policy would extend coverage to OHD.

    At the conclusion of the telephone conference, the Court requested that the parties submit a short letter brief addressing the following issue: whether granting summary judgment on the facts before the Court in this action would bar subsequent suit by the Tort Plaintiffs against Tower Group in a direct action should new evidence arise triggering coverage. Neither party found authority addressing this issue. In their letter brief, the Tort Plaintiffs reiterated their arguments that the matter would not be ripe until after a state court judgment was issued. In response, Tower Group filed an Objection and Motion to Strike Portions of Defendants' Letter Brief. (Doc. #29). As grounds for this motion, Tower Group argues that the Tort Plaintiffs are impermissibly using the letter brief as a vehicle to assert arguments that they should have presented in response to its motion for summary judgment and that the Tort Plaintiffs waived the right to make ripeness arguments at this point in the

litigation as a result of their failure to file a response to Tower Group's summary judgment motion. Another status conference was held on November 7, 2013, at which time the Court gave the parties notice of its intent to dismiss the case based on its discretionary power under the Declaratory Judgment Act.

### IV. LEGAL STANDARD

A motion for summary judgment looks to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A court should grant summary judgment when the pleadings and supporting materials show that no genuine dispute exists as to any material fact and the moving party deserves judgment as a matter of law. Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying" the relevant documents that "it believes demonstrate the absence of a genuine [dispute] of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (alteration to original). To shoulder this burden, the moving party can present evidence to this effect. *Id.* at 322–23. Or it can show that the non-moving party has failed to present evidence in support of some element of its case on which it ultimately bears the burden of proof. *Id.*

If the moving party meets its burden, the non-movant must then designate, by affidavits, depositions, admissions, or answers to interrogatories, specific facts showing the existence of a genuine dispute for trial. *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590,

593–94 (11th Cir. 1995). A genuine dispute of material fact exists when the non-moving party produces evidence that would allow a reasonable fact-finder to return a verdict in his or her favor. *Waddell v. Valley Forge Dental Assocs.*, 276 F.3d 1275, 1279 (11th Cir. 2001). Thus, summary judgment requires the non-moving party to "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. Indeed, a plaintiff must present evidence demonstrating that she can establish the basic elements of her claim, *Celotex,* 477 U.S. at 322, because "conclusory allegations without specific supporting facts have no probative value" at the summary judgment stage. *Evers v. Gen. Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985).

A court ruling on a motion for summary judgment must believe the non-movant's evidence. *Anderson*, 477 U.S. at 255. It also must draw all justifiable inferences from the evidence in the non-moving party's favor. *Id.* After the non-moving party has responded to the motion, the court must grant summary judgment if there exists no genuine dispute of material fact and the moving party deserves judgment as a matter of law. *See* Fed. R. Civ. P. 56(a).

## V. DISCUSSION

Because OHD's liability has not been established in the underlying state court action, the Court declines to decide whether the Tort Plaintiffs are entitled to benefits and proceeds under the Tower Group policy issued to OHD should they succeed with their claims against OHD at trial.

Tower Group brings this case pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, and Rule 57 of the Federal Rules of Civil Procedure. The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. Under the Declaratory Judgment Act, federal district courts still must abide by the constitutional requirement that there be an actual case or controversy between the parties.[3] *See Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 272 (1941); *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239–41 (1937); *United States Fire Ins. Co. v. Caulkins Indiantown Citrus*, 931 F.2d 744, 747 (11th Cir. 1991). Whether such a controversy exists sufficient to confer jurisdiction in a declaratory judgment action is determined on a case-by-case basis. *See Atlanta Gas Light Co. v. Aetna Cas. & Sur. Co.*, 68 F.3d 409, 414 (11th Cir. 1995) (citations omitted). In this context, the Court must determine "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Cas.*, 312 U.S. at 273; *see also GTE Directories Publi'g Corp. v. Trimen Am. Inc.*, 67 F.3d 1563, 1567 (11th Cir. 1995). Where

---

[3] It is well established that a federal court is obligated to assess whether it has subject matter jurisdiction *sua sponte* whenever it may be lacking. *See Univ. of So. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (1999) (citations omitted); *see also Atlanta Gas Light Co. v Aetna Cas. & Sur. Co.*, 68 F.3d 409 (11th Cir. 1995) ("Any time doubt arises as to the existence of federal jurisdiction, [the Court] is obliged to address the issue before proceeding further.") (alterations to original). Because the Court is obligated to examine whether it has subject matter jurisdiction on its own accord, Tower Group's Motion to Strike (Doc. #29) is DENIED as moot.

the existence of an actual controversy is lacking, the district court lacks subject matter jurisdiction and must dismiss the case.

However, even if an actual controversy exists,[4] the Court has discretion over whether it will hear a declaratory judgment action. *See Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494 (1942) ("Although the District Court had jurisdiction of the suit under [the Declaratory Judgment Act], it was under no compulsion to exercise that jurisdiction."); *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995) ("By the [Act], Congress sought to place a remedial arrow in the district court's quiver; it created an opportunity rather than a duty, to grant a new form of relief . . ."); *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1330 (11th Cir. 2005) (the Declaratory Judgment Act "only gives the federal courts competence to make a declaration of rights, it does not impose a duty to do so"). District Courts are vested with such broad discretion "because facts bearing on the usefulness of the declaratory judgment remedy, and the fitness of the case for resolution, are peculiarly within their grasp." *Wilton*, 515 U.S. at 289.

Courts have "cautioned against" the exercise of jurisdiction in declaratory judgment actions when the tort plaintiffs' right to indemnification under an insurance policy may never arise due to the absence of a judgment against the insured in the underlying suit. *See Am. Fid. & Cas. Co. v. Pa. Thresherman & Farmers' Mut. Cas. Co.*, 280 F.2d 453 (5th Cir.

---

[4] The Supreme Court has strongly suggested that an actual controversy exists in a declaratory judgment action by an insurance company against an injured tort plaintiff despite the absence of a state court judgment holding the insured liable. *See Maryland Cas.*, 312 U.S. at 274*; see also Standard Accident Ins. v. Meadows*, 125 F.2d 422 (5th Cir. 1942); *Ranger Ins. Co. v. United Hous. of New Mexico, Inc.*, 488 F.2d 682, 684 (5th Cir. 1974).

9

2960); *Edwards v. Sharkey*, 747 F.2d 684, 686 (11th Cir. 1984) (citing *American Fidelity*). This caution, however, has not been based on the absence of an actual "case or controversy" under the Declaratory Judgment Act.  Rather, courts have declined to hear these cases based on "the traditional discretion of federal courts exercising jurisdiction over declaratory judgment actions." *Sharkey*, 747 F.2d at 686; *see also Nationwide Mut. Fire Ins. Co. v. Dillard House Inc.*, 651 F. Supp. 2d 1367, 1372 n.8 (N.D. Ga. 2009) (citations omitted) ("*American Fidelity* was not a ripeness case under the Article III case or controversy requirement or related prudential doctrines, but rather addressed the discretion afforded to federal courts under the Discretionary Judgment Act to decline to resolve premature questions."). Declining jurisdiction allows a district court to sidestep the "nice and intriguing question which today may readily be imagined, but may never in fact come to pass." *Am. Fid.*, 280 F.2d at 461.  District courts in the Eleventh Circuit have heeded this caution in circumstances similar to those before this Court, declining to exercise jurisdiction as a matter of judicial discretion. *See, e.g.*, *MacMillan-Bloedel, Inc., v. Firemen's Ins. Co. of Newark N.J.*, 558 F. Supp. 596, 600 (S.D. Ala. 1983) (declining to exercise jurisdiction over a suit by an injured tort plaintiff "until such time as the question of the [insured's] liability to [the tort plaintiff] is finally determined"); *Emp'rs Mut. Cas. Co. v. All Seasons Windows & Door Mfg. Co.*, 387 F. Supp. 2d 1205, 1210–11 (S.D. Ala. 2005) (declining to exercise jurisdiction over suit by insurance company against insured and tort plaintiffs in an underlying state suit, finding that "[i]t is simply inappropriate to exercise jurisdiction over an action seeking a

10

declaration of [the insurer's] indemnity obligations absent a determination of the insured's liability to the [tort plaintiffs]").

The Court chooses to proceed similarly and, therefore, declines to hear this declaratory judgment action as a matter of discretion. Although the facts determining Tower Group's indemnity obligations appear to be, for all practical purposes, decided, it is not unforeseeable that the facts could change in such a way that a declaratory judgment in this case would be meaningless. For example, if OHD were to prevail in the underlying state court action, the Court would never have to reach the issue of whether the Tort Plaintiffs were entitled to benefits or proceeds under the Tower Group insurance policy. Moreover, even if the Tort Plaintiffs were to prevail, it cannot be known on what grounds OHD would be found liable to the Tort Plaintiffs, and thus, the Court could not determine whether Tower Group's duty to indemnify under the policy had been triggered. Thus, to determine whether the Tower Group policy covers claims filed by the Tort Plaintiffs before the entry of a judgment in state court would require this Court to delve into "nice and intriguing questions which today may readily be imagined, but may never in fact come to pass." *See Am. Fid.*, 280 F.2d at 461.    Finally, declining to entertain this suit will not prejudice Tower Group. Tower Group is still entitled to re-file this declaratory judgment action upon a state court judgment against OHD.[5] However, entering summary judgment in Tower Group's favor on

---

[5] Under Alabama law, the relevant statute of limitations period does not begin to run in an indemnification action until the insured is found liable. Thus, there is no risk that a subsequent declaratory judgment action would be time-barred at the conclusion of the state proceeding. *See Emp'rs Mut.*, 387 F. Supp. 2d at 1212 (citing *Am. Commercial Barge Line Co. v. Roush*, 793 So. 2d 726, 729 (Ala. 2000)).

its declaratory judgment claims against the Tort Plaintiffs may very well prejudice the Tort Plaintiffs in that it could preclude any claims brought by the Tort Plaintiffs in a subsequent direct action against Tower Group should the Tort Plaintiffs prevail in the state court action. *See Ranger Ins.*, 488 F.2d at 683.

## VI. CONCLUSION

For the foregoing reasons, the above-style case is DISMISSED with leave to re-file upon resolution of the underlying state court action. Consistent with the Consent Judgment (Doc. #27) previously entered by the Court, all claims against OHD are DISMISSED with prejudice. Tower Group's motion to strike (Doc. #29) is DENIED as moot.

DONE this the 22nd day of November, 2013.

                                                 /s/ Mark E. Fuller
                                    UNITED STATES DISTRICT JUDGE